UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:  JAMIE ALLISON WELKIS AKA
JAMIE ALLISON CACCIATORE
Debtor

Chapter 13

Bankruptcy No. 1:20-bk-00076-HWV

# MOTION TO VACATE DISMISSAL AND TO
# REOPEN or REINSTATE DEBTOR'S CHAPTER 13 BANKRUPTCY

COMES NOW the Debtor, Jamie Allison Welkis, and moves this Honorable Court to reinstate her Chapter 13 Bankruptcy case dismissed on June 23, 2021 pursuant to §350(b) of the Code respectfully stating in support thereof as follows:

> ***Pursuant to*** *11 U.S. Code § 350**(b)**, a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, <u>or for other cause</u>*.

1. The Debtor filed a Chapter 13 Bankruptcy Petition on January 8, 2020.

2. The Debtor had previously been represented by Dorothy L. Mott of Mott & Gendron Law, 125 State Street, in Harrisburg, PA 17101.

3. On November 17, 2020, Dorothy Mott motioned for withdrawal from the debtor's case and was unopposed by the Debtor. On December 1, 2020 the above referenced Motion was granted. The debtor then proceeded with her case as Pro Se.

4. On March 9, 2021, a hearing was held with the Honorable Henry W. Van Eck where the Creditor's Motion for Relief from the Automatic Stay was GRANTED with stipulations for Debtor to proceed with actions necessary to both prosecute and defend an action in foreclosure now pending before the Superior Court of New Jersey, Chancery Division, Bergen County, at Docket No. F-019172-17 (Docket No. 119.)

5. A hearing was held on March 24, 2020 regarding Motion to Dismiss the Debtor's plan by the current trustee which resulted in a rescheduled hearing for May 26, 2021, outlining a proposed period of time to be allotted to the Debtor to achieve adjudication in the state court case with the single remaining purported creditor inhibiting the confirmation of the Debtor's plan.

6. On April 30, 2021, Debtor's trustee was reassigned to Jack N. Zaharopoulos.

7. A hearing was held on May 26, 2021 to update Judge Van Eck and the newly assigned Trustee of the progress made in the state court. The discussions and outcomes of this hearing were as follows:

    a) Debtor uploaded her Motion to Vacate and the lower court's decision regarding that Motion.

    b) The decision was discussed by all parties as to why the dismissal occurred, due to lack of service perfection as the debt collector/attorney's firm no longer exists and they were still listed as the attorney-of-record and as of that date (May 26, 2021) there was no substitution of attorney recorded.

    c) As a result, the Honorable Judge Van Eck, with the agreement of all parties, requested a 30-day postponement for the trustee and the Court

Case 1:20-bk-00076-HWV    Doc 136    Filed 07/07/21    Entered 07/08/21 08:59:45    Desc
Main Document    Page 2 of 10

to review the documents submitted to the lower court, and rescheduled the matter for June 23, 2021.

8. The Debtor had at the time of the hearing made note of the above hearing but had not received by mail or email the notice of hearing to be scheduled for June 23, 2021, and inadvertently mixed up her hearing dates with another scheduled hearing regarding a separate matter set for June 30, 2021. The Debtor became aware of the scheduling mix-up on June 30, 2021 when appearing for the other hearing and being taken by surprise it was not about the pending matter in this Court.

9. It was the Debtor's plan to inform this Honorable Court that there had been a change in the pending matter in the state court after the dismissal pertaining to a substitution of attorney for that matter and the Debtor has already begun to move the lower court toward a remedy with the ability to perfect service as of this present date. Unfortunately, the debtor made a very detrimental mistake with her hearing dates.

10. On June 23, 2021 the hearing was held, the Debtor was recorded as a "non-appearance" and the Debtor's Chapter 13 was dismissed. The Debtor was notified of the dismissal on July 1, 2021 when she received a call from a creditor informing her that her case was dismissed.

11. Since that date the Debtor was advised upon contacting the PA Middle District Bankruptcy Court that she should seek legal counsel for this present matter. The Debtor has contacted thus far to this date two bankruptcy attorneys who have informed her that their caseloads were full, but most importantly they both had stated clearly that had no interest in representing to her re-open her Chapter 13 case with the pending matters in the state court/lower court. Finding representation from any attorney (the

debtor has contacted over 6 or more attorneys since 2019 in PA) has been an issue from the start of her filing her bankruptcy.

12. This was main reason for Ms. Mott withdrawing representation on November 18, 2020 as Ms. Mott had wanted her to sign the same Stipulation Order that was ordered during the March 9, 2021 hearing. The Honorable Judge Van Eck during this hearing clearly explained to her that this was a protective order that the Court felt was in the best interests of the Debtor and her estate.

The Debtor is now being faced with a dismissal, calls from creditors, potentially losing her home that her daughter resides in, in New Jersey, loss of her automobile, and most importantly, is now in a position to have to start all over again after 18 months of hard work (of which we are almost at the end of) to get here with and without an attorney.

Given the voluntary nature of Chapter 13, and the current difficulties during the long duration of this case, it is the debtor's hopes and prayers that this Honorable Court will rule favorably, provide her the same protections it has done during this now dismissed Chapter 13, and reopen her bankruptcy so that she may continue her diligent and sincere efforts to get her plan confirmed once the case pending in the state court is remedied. Upholding the Order from March 9, 2021 with all its stipulations so that the debtor does not have to re-file her Chapter 13 case and start over.

The Debtor hereby pleads with this Honorable Court to reopen her Chapter 13 case, and swears to and promises to do the following:

1. The commencement of action for the second time in motioning the lower court to adjudicate the pending matter in the state court, by refiling her motion and noticing the appropriate parties with the proper name and servicing address according to the substitution of attorney received (*See Exhibit A - Substitution of Attorney*)

2. To pay back the arrears of her Chapter 13 payments that were increased in February of this year. The Debtor was unaware that they didn't automatically increase with her automated ACH withdrawals online.

3. Once notified of this Honorable Court's decision in the above matter, I will make those changes to reflect the higher plan payment online, and I will immediately and pay all arrears in full as of that date.

> Respectfully submitted,
>
> *Jamie A. Welkis*
>
> Jamie A. Welkis
> 114 S. 2nd Street
> Newport, PA 17074
> caccnj@optonline.net
> 717.636.3498

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: Jamie Allison Welkis<br>Debtor(s) | Chapter 13<br><br>Bankruptcy No. 1:20-bk-00076-HWV |
|---|---|

**ORDER**

Upon consideration of the Debtor's **Motion To Vacate Dismissal And To Reopen Or Reinstate Debtor's Chapter 13 Bankruptcy,** and after notice and a hearing, it is ORDERED that:

_____The Debtor's Motion is GRANTED and the Debtor's Chapter 13 case dismissed on June 23, 2021 is now vacated.

_____The Debtor's Motion is GRANTED and the Debtor's Chapter 13 case is hereby reopened.

_____ The Debtor's Motion is GRANTED and the Stipulation Order Honorable Judge Henry Van Eck on March 9, 2021 remains in effect as of the date of Order previously stated. It is also FURTHER ORDERED that this Court retains jurisdiction over property of the estate and the Bank must seek further relief from the automatic stay before seeking to enforce any judgment against property of the estate or the Debtor.

Dated: _____  By the Court,

_____
Henry W. Van Eck, Chief Bankruptcy Judge

EXHIBIT A-1

**Catherine Aponte, Esq.**
Attorney Id Number: 183032016
**FRIEDMAN VARTOLO LLP**
A Limited Liability Partnership formed in the State of New York
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
T: (212) 471-5100
F: (212) 471-5150
Attorneys for Plaintiff
Firm Case No.: 203042-5

---------------------------------------------------------------x
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION BERGEN COUNTY |
|---|---|
| Plaintiff | DOCKET NO.: F-019172-17 |
| vs. | |
| JAMIE A. CACCIATORE; et al., | **NOTICE OF MOTION TO SUBSTITUTE ATTORNEY** |
| Defendant(s) | |

---------------------------------------------------------------x

JAMIE ALLISON WELKIS AKA JAMIE ALLISON CACCIATORE AKA JAMIE ALLISON CACCIATORE
114 SOUTH 2ND STREET
NEWPORT, PA 17074

JAMIE ALLISON WELKIS AKA JAMIE ALLISON CACCIATORE AKA JAMIE ALLISON CACCIATORE
279 REDWOOD COURT
RAMSEY, NJ 07446

BANK OF AMERICA, N.A
c/o KML LAW GROUP, PC
216 HADDON AVE, STE 406
WESTMONT, NJ 08108

**PLEASE TAKE NOTICE** that on June 25, 2021, at 10:00 a.m., or as soon thereafter as counsel may be heard, the undersigned shall apply to Superior Court of New Jersey, Bergen County Courthouse, 10 Main Street, Hackensack, NJ 07601 for a Motion to Substitute Attorney.

**PLEASE TAKE FURTHER NOTICE** that in support of the motion, Plaintiff will rely upon the enclosed Certification of Catherine Aponte, Esq., the exhibits attached thereto, and the proposed form of Order submitted herewith. Oral argument is not requested.



**Catherine Aponte, Esq.**
Attorney Id Number: 183032016
**FRIEDMAN VARTOLO LLP**
A Limited Liability Partnership formed in the State of New York
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
T: (212) 471-5100
F: (212) 471-5150
Attorneys for Plaintiff
Firm Case No.: 203042-5

---------------------------------------------------------------------x

| | |
|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST<br><br>Plaintiff<br><br>vs.<br><br>JAMIE A. CACCIATORE; et al.,<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>BERGEN COUNTY<br>DOCKET NO.: F-019172-17<br><br>**CERTIFICATION OF CATHERINE APONTE, ESQ. IN SUPPORT OF MOTION TO SUBSTITUTE ATTORNEY** |

---------------------------------------------------------------------x

**CATHERINE APONTE, ESQ.**, by way of certification in accordance with Rule 1:4-4(b) says:

1. I am an attorney-at-law of the State of New Jersey and a Senior Associate of **FRIEDMAN VARTOLO LLP**, attorneys of record for Plaintiff in the above-entitled action, and the person entrusted with the management and conduct of this action. In this capacity, I am authorized to make this instant Certification on behalf of Plaintiff in this case.

2. On April 1, 2021, my office was contacted by the holder of the Note and Mortgage, given by Jamie A. Cacciatore A/K/A Jamie A. Welkis in favor of Bank of America, N.A. for $328,000.00, encumbering the property commonly known as 279 Redwood Court, Ramsey, NJ 07446 (**Lot:** 3701 **Block** 5.02), and asked to take over the foreclosure action currently filed under Docket Number F-19172-17

3. The current counsel for Plaintiff on said file is Phelan Hallinan Diamond & Jones, PC.

participants in the approved electronic filing system. Therefore, no further service is required upon any and all registered users.

4. I hereby certify that the foregoing statements are true. I am aware that if any of the foregoing statements by me are willfully false, I will be subject to punishment by the applicable law.

Dated: June 3, 2021

**FRIEDMAN VARTOLO LLP**
A Limited Liability Partnership formed in the State of New York
Attorneys for Plaintiff

S/Catherine Aponte
Catherine Aponte, Esq.

EXHIBIT A - 3

| | |
|---|---|
| **From:** | web@pamb.uscourts.gov on behalf of PAMB Web <web@pamb.uscourts.gov> |
| **Sent:** | Wednesday, July 7, 2021 5:53 PM |
| **To:** | PAMBml_fax |
| **Subject:** | EDSS filing from Jamie A Welkis for on Wednesday, July 7, 2021 - 17:52 |

Submitted on Wednesday, July 7, 2021 - 17:52 Submitted by user: Anonymous Submitted values are:

Filer's Name: Jamie A Welkis
Debtor's name (if different):
Filer's EMail Address: caccnj@optonline.net Filer's Phone Number: 7176363498 Case number (if known): 1:20-bk-00076-HWV
  ==Documents==
  Document 1:

http://www.pamb.uscourts.gov/system/files/webform/edss/BK_1-20-00076%20FINAL%20FIXED%20MOTION%20ALL%20DOCS.pdf
    Document description: 1:20-00076 FULL FIXED -MOTION ORDER
    EXHIBITS- please ignore prior uploads .....contain docs not meant
    to be included
    ==More Documents==
      Document 2:
      Document 2 description:
      Document 3:
      Document 3 description:
      Document 4:
      Document 4 description:
      Document 5:
      Document 5 description:

By entering my name in the box below, I affirm that I am intending to sign this form with my signature and consent to use this electronic form.: Jamie A Welkis